# MEMORANDUM ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2024

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARTIN BOWE**
Tel.: (212) 356-0894
mbowe@law.nyc.gov

January 5, 2024

**VIA ECF**
Hon. Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

      Re: *E.L. v. N.Y.C. Dep't of Educ. et al.,* 23-cv-6829 (GHW)(KHP)

Dear Judge Woods:

      I am an Assistant Corporation Counsel in the office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, supervising attorney for Defendants in the above-referenced action, in which the only remaining claims at issue are attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

      Defendants write to respectfully request a 90-day stay of Plaintiff's IDEA attorneys' fees claim from the date billing records were received (Dec. 17, 2023), until March 18, 2024, with a status letter due by that date.[1] Additionally, Defendants respectfully request that the Court adjourn the Initial Pretrial Conference ("IPTC") scheduled for February 8, 2024, *sine die*, as well as the joint submissions due February 1, 2024. Plaintiff does not consent to these requests.

      Defendants do not understand Plaintiff's failure to provide the basic Golden Rule courtesy of consenting to what opposing counsel is well aware is a reasonable extension of time to facilitate the resolution of a fees claim through negotiated settlement. The Roller Firm is well aware that these fees claims take upwards of 90 days to resolve. The requested 90-stay will give Defendants' counsel time to complete the City's internal review process by reviewing the billing records together with the underlying administrative record, begin settlement negotiations and hopefully resolve this matter without the need for a conference or motion practice.

      Indeed, Courts routinely grant DOE 90 days to complete its internal settlement process and in many cases achieve settlement of IDEA fees claims within that 90 day period. *See e.g. T.E. v. N.Y.C.*

---

[1] A final $120.00 payment relating to tutoring reimbursement was made (Plaintiff's counsel confirmed receipt), leaving only the claim for fees and costs, and thus the recent transfer of this case to the team I supervise for settlement.

*Dep't of Educ.,* 23-cv-2125 (Dkt. 8-9) (Your Honor granting DOE's 90-day request despite Briglia Hundley's refusal of consent). Indeed, over just the last two weeks including today, Judges Liman, Koeltl and Failla have, respectively, granted DOE 90 days to attempt resolution of an IDEA fees claim over plaintiff's failure to consent. *See B.A. v. N.Y.C. Dep't of Educ.*, et al., 23-cv-8467 (KPF)(GS) (Jan. 5, 2024, granting DOE's 90-day request despite refusal of consent; billing records provided after implementation claim was resolved); *M.P. v. N.Y.C. Dep't of Educ.*, 23-cv-10599 (JGK)(JW) (Dkt. 10-11) (Dec. 26, 2023, granting DOE's 90-day request despite AFC's refusal of consent); and *S.K. v. N.Y.C. Dep't of Educ. et al.,* 23-cv-10007 (LJL)(VF) (Dkt. 10-11) (Dec. 22, 2023, granting DOE's 90-day request despite AFC's refusal of consent).[2]

The lack of consent here is particularly troubling in view of the well-established history of the Roller Firm's delayed production of "contemporaneous" attorney billing records, in some cases for many months. Indeed, more than three years ago, DOE moved before Your Honor to compel production of Roller Firm billing records after four months of fruitless effort to obtain them in an IDEA fees case. There, Your Honor expressed concern:

> As a brief aside for counsel for plaintiff, if you are running these cases, the underlying hearings, if you're keeping contemporaneous time records as you go while litigating the case, <u>the process of presenting the records shouldn't be much more than pressing "print"</u>. <u>What's the impediment here</u>? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, <u>you would be printing out the contemporaneous time records</u>, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*S.T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL) (ECF 13; Sept. 11, 2020) (emphasis added) (on DOE's motion to compel billing records, Court held conference and directed provision of billing records).

Moreover, just yesterday, Ms. Roller appeared before Judge Cote at 500 Pearl Street to show cause, by *sua sponte* order, as to why that action should not be dismissed due to the Roller Firm's failure to provide billing records as ordered by the Court, by October 31, 2023, and instead delayed production until December 17, 2023, despite several reminders by Defendant's counsel. *M.N. obo N.V. v. N.Y.C. Dep't of Educ.,* 23-cv-07791 (DLC)(VF)| (transcript on order). The timing of the Roller Firm's withholding consent to 90 days here, in view of yesterday's appearance before Judge Cote, is

---

[2] *See also, e.g., M.M. v. N.Y.C. Dep't of Educ.,* 23-cv-2955 (LJL)(OTW) (Dkt. 7-9) (granting DOE's 90-day request despite lack of consent); *Larach-Cohen v. N.Y.C. Dep't of Educ.,* 23-9290 (DEH)(RWL) (Dkt. 8, 11)(same); *E.P. v. N.Y.C. Dep't of Educ.,* 23-cv-958 (ER)(KHP) (Dkt. 9-10)(same); *J.G. v. N.Y.C. Dep't of Educ.,* 23-cv-959 (PAE)(JW) (Dkt. 8-9)(same); *N.B. v. N.Y.C. Dep't of Educ.*, 22-cv-10780 (KPF)(KHP) (Dkt.9-10)(same); *N.O. v. N.Y.C. Dep't of Educ.*, 22-cv-10315 (JLR)(SN) (Dkt. 12–13)(same); *B.N. v. N.Y.C. Dep't of Educ.*, 22-cv-10103 (JHR)(JW) (Dkt. 9–10)(same); *R.M. v. N.Y.C. Dep't of Educ.*, 22-cv-8643 (JPO)(BCM) (Dkt. 8-12)(same); *L.R. v. N.Y.C. Dep't of Educ.*, 23-cv-50 (JHR)(JLC) (Dkt. 12–13)(same).

also troubling; the Roller Firm routinely consents to 90 days to respond to the complaint as well as 90-day stays when there are long delays in providing billing. Defendants hope the Roller Firm will return to that more courteous and cooperative posture rather than embarking on a new approach which will only burden the many judges of this District who preside over the Roller IDEA fees cases.

This office has settled all but four of the many dozens of similar IDEA fees-only cases brought by plaintiffs represented by the Roller firm in recent years without the need to burden the court with any motion practice, and often without the need to attend conferences or to file an Answer, and we expect this case to take that same course. Accordingly, Defendants respectfully request a 90-day stay of this action until March 18, 2024, with a status letter due by that date, and that the Court adjourn the IPTC and attendant submissions, *sine die*.

Thank you for considering these requests.

Respectfully submitted,
*/s/ Martin Bowe*
Martin Bowe
Senior Assistant Corporation Counsel

cc: Irina Roller (via ECF)

Defendants' application to stay the case and adjourn the initial pretrial conference is denied. The Court has already granted two previous requests to adjourn the initial pretrial conference in this case. Additionally, as Plaintiffs describe in their January 5, 2024 letter, the parties have had more than a year since the resolution of the underlying case to negotiate a settlement. The initial pretrial conference will proceed as scheduled on February 8, 2024. The joint letter and case management plan discussed in the Court's August 4, 2023 order is due February 1, 2024. Dkt. No. 4.

Plaintiffs' request in their January 5, 2024 letter that the Court order Defendants to provide a settlement offer is also denied. The Court takes no position on the content of the parties' settlement negotiations. However, as stated in the Court's August 4, 2023 order, the parties must confer regarding settlement and other topics to be discussed at the initial pretrial conference before the initial pretrial conference. Dkt. No. 4.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 17.

SO ORDERED.

Dated: January 8, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge